**BROOKVILLE MINING EQUIPMENT CORP., and Miller Welding & Machine Co., Plaintiffs,**

v.

**SELECTIVE INSURANCE CO. OF AMERICA, Defendant.**

Civ. A. No. 97–1055.

United States District Court, W.D. Pennsylvania.

July 7, 1999.

## OPINION

ZIEGLER, Chief Judge.

Pending before the court are the parties' cross motions (doc. nos. 34 and 38) for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiffs, Brookville Mining Equipment Corporation ("Brookville") and Miller Welding & Machine Company ("Miller"), sued defendant, Selective Insurance Company of America ("Selective"), alleging breach of contract, waiver, estoppel, bad faith and for a declaratory judgment arising out of Selective's denial of insurance benefits under a flood insurance contract between the parties. Defendants deny plaintiffs' allegations and assert that: (1) plaintiffs' claims are barred because they failed to file a timely signed and sworn proof of loss; (2) plaintiffs' properties are not in a Standard Flood Hazard Area ("SFHA"); and (3) the policies are void because of material misrepresentations. For the reasons discussed below, we will grant judgment in favor of Selective Insurance Company.

## I. FACTS

On July 19, 1996, between 6:00 and 7:00 A.M., flood waters encroached on both Brookville and Miller's properties. Plaintiffs contacted Becky Matson, an insurance agent with Matson Insurance Agency, and inquired whether they could procure flood insurance, explaining that flood waters had already reached the properties. Matson informed Brookville and Miller that she would attempt to procure such insurance.

Matson phoned Selective and spoke with Lori Paliana. Matson informed Paliana that flood waters had reached plaintiffs' properties earlier that morning. Paliana informed Matson that flood insurance could be obtained if plaintiffs' lender made a request that flood insurance be obtained immediately. According to Paliana, a lender's request would operate as a waiver of the usual 30 day waiting period for flood insurance. Matson then phoned plaintiffs' lender and mortgagee, S & T Bank. The lender agreed to issue a request stating that it required flood insurance for plaintiffs' loans. Matson again phoned Selective and informed the insurer that plaintiffs' lender required flood insurance coverage. Selective informed Matson that it could bind coverage effective July 19, 1996 at 12:01 A.M.

On July 23, 1996, Selective issued Standard Flood Insurance Policies ("SFIP") insuring plaintiffs' properties against flood losses effective July 19, 1996 at 12:01 A.M. On July 22, 1996, Brookville and Miller filed a notice of claim with Selective arising out of flood damage to their properties. Selective sent an adjuster, Simsol, to adjust the loss. On August 1 and 19, 1996, Simsol filed preliminary reports with Selective of the damage to plaintiffs' properties.

On December 12, 1996, Selective denied coverage for the loss claiming that the policy was not in effect until the applicable policy forms were completed and the premiums paid. As the process was not completed until the losses had occurred, Selective deemed the loss to be a loss in progress. Plaintiffs filed suit against Selective claiming that defendant wrongfully denied coverage under the applicable policies.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, we must examine the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the plaintiff fails to make a showing of the existence of an element essential to its case on which it bears the burden of proof at trial, summary judgment should be entered for the defendant. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 119 S.Ct. 1597, 1603, 143 L.Ed.2d 966 (1999).

### B. Law Governing the Standard Flood Insurance Policy

It is well established that federal common law governs the interpretation of the SFIP. *Linder and Assocs., Inc. v. Aetna Cas. and Sur. Co.*, 166 F.3d 547, 550 (3d Cir.1999) (citations omitted). "Accordingly, 'neither the statutory nor decisional law of any particular state is applicable to the case at bar.'" *Id.* (quoting *Sodowski v. National Flood Ins. Program*, 834 F.2d 653, 655 (7th Cir.1987)). Courts should interpret the SFIP utilizing standard insurance law principles, which instruct that the SFIP should be given its plain, unambiguous meaning. *Id.* Ambiguities should be construed in favor of the insured and against the insurer. *Id.* If the SFIP "is susceptible to two constructions, however, we will adopt the one more favorable to the insured." *Id.* (citing *Aschenbrenner v. United States Fidelity & Guar. Co.*, 292 U.S. 80, 84–85, 54 S.Ct. 590, 78 L.Ed. 1137 (1934)).

## III. ANALYSIS

### A. The National Flood Insurance Program

Before we reach the merits of plaintiffs' claims, background information on the National Flood Insurance Program ("NFIP") would be helpful. "Congress created the program, among other things, to limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance available on reasonable terms and conditions to those in need of it." *Van Holt v. Liberty Mut. Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998) (citing 42 U.S.C. § 4001(a)) (quotations and footnote omitted). Congress provided flood insurance coverage for those in flood prone areas who would otherwise be unable to obtain insurance, and the program is currently operated by the Federal Emergency Management Agency ("FEMA"). *Van Holt*, 163 F.3d at 165 n. 2 (citations omitted).

In 1983, FEMA, pursuant to its regulatory authority, 42 U.S.C. § 4081(a), creat-

ed the Write Your Own ("WYO") program, which authorizes private insurance companies like Selective to issue flood insurance policies to qualified companies and individuals. 44 C.F.R. § 62.23; *Van Holt*, 163 F.3d at 165. "FEMA fixes the terms and conditions of the flood insurance policies, which, barring the express written consent of the Federal Insurance Administrator, must be issued without alteration as a Standard Flood Insurance Policy ('SFIP')." *Van Holt*, 163 F.3d at 165–66 (citations omitted). The WYO company is required to disburse claims and to defend against claims, although FEMA reimburses the WYO company for both the costs of paying insured's claims and defending against disputed claims. *Id.* at 165. While WYO companies are fiscal agents of the United States, they are not general agents of the federal government. *Id.* FEMA ultimately bears the risk under the NFIP. *Id.* at 166.

### B. Proof of Loss Requirement

■ Selective seeks summary judgment arguing that plaintiffs failed to file a timely signed and sworn proof of loss. The SFIP provides, in relevant part, that: "[s]hould a flood loss occur to the insured property, the Insured must ... (3) Within 60 days after the loss, send the Insurer a proof of loss, which is the Insured's statement as to the amount it is claiming under the policy signed and sworn to by the Insured[.]" SFIP, Art. 8(O), Ex. 13, Pls.' App. to Mot. for Summ.J.[1] The proof of loss requirement has been strictly construed by the courts and operates as a bar where the insured fails to timely file a proof of loss:

> As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal in-

surer's obligation to pay what otherwise might be a valid claim.

*Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998) (footnote omitted); *see also Forman v. Federal Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir.1998); *Wagner v. Director, Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 518, 520 (9th Cir. 1988); *Phelps v. Federal Emergency Mgmt. Agency*, 785 F.2d 13, 19 (1st Cir. 1986); *but see Meister Bros. Inc. v. Macy*, 674 F.2d 1174, 1177 (7th Cir.1982) (FEMA administrator estopped from asserting as defense plaintiff's failure to file timely proof of loss).

The rationale for strictly adhering to the proof of loss requirement is that federal funds are the source of payment for insureds' claims. *Gowland*, 143 F.3d at 954 (citing *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947)).

Indeed, as noted by the Court of Appeals for the Third Circuit, "regardless of whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." *Van Holt*, 163 F.3d at 165. Therefore, it was incumbent upon Brookville and Miller to comply with the requirements of the SFIP and federal law and regulations governing the flood insurance program. *Accord Heckler v. Community Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984) ("Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of the law").

It is beyond dispute that plaintiffs failed to file proof of loss forms within sixty days of the loss.[2] Plaintiffs' failure to timely file a proof of loss bars the claims. *Gowland*, 143 F.3d at 954.

---

1. The SFIP is also set forth in the code of federal regulations, 44 C.F.R. § 61, App. A(2).

2. Miller filed a proof of loss on December 14, 1998 and Brookville filed a proof of loss on December 18, 1998, well over two years after the loss.

## C. Waiver

■ Brookville and Miller argue that Selective waived the proof of loss requirement by failing to mention it as the basis for denying the claim. The SFIP provides, in relevant part, that: "[t]his [SFIP] cannot be amended nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator. No action the Insurer takes under the terms of this policy can constitute a waiver of any of its rights." SFIP, Art. 8(D), Ex. 13, Pls.' App. to Mot. for Summ.J. (emphasis in original). Federal regulations also provide that: "no provision of the [NFIP] shall be altered, varied, or waived other than by the express written consent of the Administrator through the issuance of an appropriate amendatory endorsement, approved by the Administrator as to form and substance for uniform use." 44 C.F.R. § 61.13(d). However, the SFIP also provides that:

> [t]he Insurer may, at its option, waive the requirement of the completion and filing of a proof of loss in certain cases, in which event the Insured will be required to sign and, at the Insurer's option, swear to an adjuster's report of the loss which includes information about the loss and the damages needed by the Insurer in order to adjust the claim.

SFIP, Art. 8(O)(7), Ex. 13, Pls.' App. to Mot. for Summ.J. In this case, it is clear that the Federal Insurance Administrator did not waive the proof of loss requirement. Without the express written consent of the Federal Insurance Administrator, there can be no waiver. *See Gowland,* 143 F.3d at 954; SFIP, Art. 8(D), Ex. 13, Pls.' App. to Mot. for Summ.J.; 44 C.F.R. § 61.13(d).

■ Even assuming that a waiver occurred, the insureds were required to sign and swear to an adjuster's report of the loss. There is no evidence that either Brookville or Miller ever signed an adjuster's report of loss. We will grant judgment in favor of Selective on plaintiffs' waiver claim. *See Gowland,* 143 F.3d at 954.

## D. Estoppel

■ Plaintiffs claim that Selective is estopped from denying coverage under the policy due to its failure to raise the proof of loss defense when it denied the claim. The burden of proving estoppel is on the party invoking the doctrine. *United States v. Asmar,* 827 F.2d 907, 912 (3d Cir.1987). To establish estoppel, a litigant must show: (1) a misrepresentation by another party; (2) which it reasonably relied upon; (3) to its detriment. *Heckler,* 467 U.S. at 59, 104 S.Ct. 2218; *see also Asmar,* 827 F.2d at 912. Reasonable reliance means that "the party claiming estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler,* 467 U.S. at 59, 104 S.Ct. 2218. The Court of Appeals imposes an additional burden on government claimants "to establish some affirmative misconduct on the part of the government officials." *Fredericks v. Commissioner of Internal Revenue,* 126 F.3d 433, 438 (3d Cir.1997) (citations omitted).

■ Plaintiffs cannot satisfy the element of reasonable reliance in that they were presumed to know of the proof of loss requirement. First, as noted above, the proof of loss requirement is plainly set forth in the policy. Second, the SFIP is published in the Code of Federal Regulations. *See* 44 C.F.R. § 61, App. A(2). As noted by the Supreme Court, "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." *Heckler,* 467 U.S. at 63, 104 S.Ct. 2218 (footnote omitted). This principle is also applicable when a claimant deals with a fiscal intermediary of the government. *Id.* at 64, 104 S.Ct. 2218.

Third and finally, federal regulations also provide that representations which are inconsistent with federal law are void:

> The [SFIP] is authorized only under the terms and conditions established by

Federal statute, the program's regulations, the Administrator's interpretations and the express terms of the policy itself. Accordingly, representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void, and the duly licensed property or casualty agent acts for the insured and does not act as agent for the Federal Government, the Federal Emergency Management Agency, or the servicing agent.

44 C.F.R. § 61.5(e). Therefore, even if Selective failed to inform Brookville and Miller of the proof of loss requirement, this fact does not give rise to estoppel. *Id.* We shall grant judgment for Selective on plaintiffs' estoppel claim.

### E. Bad Faith—42 Pa.C.S. § 8371

Brookville and Miller have also filed a claim for bad faith pursuant to 42 Pa.C.S. § 8371. The Pennsylvania bad faith statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. The parties have moved for summary judgment on this claim. Because we find that Selective had no duty to indemnify plaintiffs, it did not act in bad faith in violation of 42 Pa.C.S. § 8371. *See Lucker Mfg. v. The Home Ins. Co.,* 23 F.3d 808, 821 n. 19 (3d Cir. 1994) (no bad faith under § 8371 when insurer had no duty to either indemnify or defend). We shall grant judgment for defendants on plaintiffs' bad faith claim.

## IV. CONCLUSION

As we have concluded that plaintiffs are not entitled to coverage due to their failure to timely file proof of loss forms, we decline to address Selective's remaining contentions. We shall grant defendant's motion for summary judgment and deny plaintiffs' motion for summary judgment. An appropriate order will follow.

### ORDER

AND NOW, this 7th day of July, 1999, after consideration of the parties' cross motions (doc. nos. 34 and 38) for summary judgment, and the parties' submissions in support thereof,

IT IS ORDERED that defendant's motion for summary judgment shall be and hereby is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment shall be and hereby is denied.