**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2009

No. 08-31212
Summary Calendar

Charles R. Fulbruge III
Clerk

CHRIS V WIENTJES; JO ANN C WIENTJES

Plaintiffs - Appellants

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3762

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellants Chris and Jo Ann Wientjes appeal the district court's grant of summary judgment in favor of Appellee American Bankers Insurance Company of Florida on their claims for additional flood proceeds under their Standard Flood Insurance Policy. The district court concluded that the Wientjeses were not entitled to additional benefits due to their failure to submit a sworn proof of loss with respect to the specific damages at issue. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Wientjeses' dispute with their flood insurance carrier is for damages to their Metairie, Louisiana home caused by Hurricane Katrina. They received both an initial and a supplemental payment from American Bankers. The Wientjeses then sought additional benefits for damages to their foundation and to the home's exterior plywood sheathing. American Bankers denied this last claim. The Wientjeses filed suit seeking its payment. Relying on the Wientjeses' failure to submit a sworn proof of loss on the foundation and plywood sheathing damage, the district court granted summary judgment in favor of American Bankers. The Wientjeses timely appealed.

We review a grant or denial of summary judgment *de novo*, applying the same standard as the district court. *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008). Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Wientjeses argue that they were not required to submit a proof of loss prior to filing suit on their claims. Initially, they argue that a press release issued by the Federal Emergency Management Agency on September 20, 2005, waived the proof-of-loss requirement for recovery of damages caused by Hurricane Katrina. That FEMA press release stated that the National Flood Insurance Program "has waived the usual requirement that the policyholder must submit a proof-of-loss and instead where the policyholder agrees, will rely on a report by the claims adjuster."

The Wientjeses allege that this statement is an unconditional waiver of the ordinary proof-of-loss requirement. In their view, a report by the claims adjuster is a proper substitute for a sworn proof of loss, even if the carrier does not agree to pay part of a submitted claim. Thus, because the initial adjuster's report for their house included repair estimates for foundation and plywood sheathing

damage, that report would satisfy the proof-of-loss requirement for their claims, despite the fact that American Bankers decided not to pay those estimated amounts.

The Wientjeses also suggest that the adjuster's report satisfies the primary purpose of a proof of loss, which is to provide notice to the insurer of the claim. In making this argument, the Wientjeses attempt to distinguish FEMA's September 2005 press release from a FEMA memorandum dated August 31, 2005, which waived the proof-of-loss requirement under some circumstances and extended the time for filing a proof of loss under others. The Wientjeses admit that the earlier memo did not contain a complete waiver of the proof-of-loss requirement. Instead, the August memorandum provided that the homeowners are to submit a proof of loss when they disagree with an adjuster's decision:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form . . . . If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim . . . .

The Wientjeses argue that the later press release takes precedence over the prior FEMA memorandum. Yet the Wientjeses acknowledge that this court has previously held that the August 2005 FEMA memo did not "render permissive the requirement to file a proof of loss prior to filing suit." *Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008). Like the memo, the press release states that an adjuster's report will satisfy the ordinary proof-of-loss requirement only "where the policyholder agrees." The Wientjeses did not agree with American Bankers's adjustment, settlement, and payment of their claims. As such, they were required to submit a timely proof of loss as a prerequisite to filing suit.

The Wientjeses next allege that if the proof-of-loss requirement has not been waived, it deprives them of a meaningful opportunity to contest American Bankers's adjustment of their claims. The Wientjeses explain that the August 2005 FEMA memo requires the filing of a proof of loss within one year of the date of the loss. An insurer could simply spend more than one year adjusting an insured's claims, thereby leaving the insured with no avenue to challenge its adjustment decisions. That is what the Wientjeses claim happened. American Bankers did not make a final coverage determination until May 9, 2007, more than one year after the date of loss. That delay allegedly made it impossible to comply with the one-year proof-of-loss requirement, as they did not know that coverage for their foundation and exterior plywood sheathing damage would be denied until more than a year after the loss occurred.

It is true that the Wientjeses did not receive notice of the final adjustment of their claims until after the one-year deadline for filing a proof of loss had passed. Importantly, though, they knew of their disagreement with the payment of their claims well before that date. The initial adjuster's report in December 2005 stated that the foundation damage was excluded from coverage under their flood policy. The Wientjeses admit that the initial payment they received in December 2005 did not include any amount for foundation repair or the repair of the exterior plywood sheathing. Accordingly, by December 2005, the Wientjeses knew of a disagreement regarding the payment of their claims. They had ample opportunity to file a proof of loss within the one-year deadline.

The Wientjeses next argue that application of the one-year proof-of-loss requirement violates their constitutional rights, including their rights to equal protection and due process. They argue that FEMA enforces the proof-of-loss requirement arbitrarily, granting waivers to some, but not others. Such FEMA conduct treats holders of federally funded flood insurance policies differently without a rational basis. Moreover, the one-year time limitation for filing a proof

of loss violates due process by foreclosing judicial review of adjustment decisions made more than one year after a loss.

For these fairly bold arguments, the Wientjeses cite no legal authority. We find none to support these propositions. The few district courts to have reached similar issues have concluded that the proof-of-loss requirement did not violate the constitutional rights of the insured. *See, e.g.*, *Dupuy v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 07-4661, 2009 WL 82555, at *3 n.5 (E.D. La. Jan. 12, 2009); *Howell v. State Farm Ins. Cos.*, 540 F. Supp. 2d 621, 633 (D. Md. 2008); *Schumitzki v. Dir., FEMA*, 656 F. Supp. 430, 433 (D.N.J. 1987). The Wientjeses have not offered anything to convince us to hold otherwise.

Finally, to the extent that the Wientjeses are arguing that American Bankers waived the proof-of-loss requirement or that American Bankers or FEMA should be equitably estopped from enforcing such requirement, their arguments are foreclosed by a recent decision of this court. *See Marseilles Homeowners Condo. Ass'n, Inc.*, 542 F.3d 1053.

We hold that the proof-of-loss requirement applied to the Wientjeses' claims. That requirement was not met. Consequently, we need not address the Wientjeses' arguments with respect to the merits of their coverage dispute.

The judgment of the district court is AFFIRMED.