# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2010

No. 10-60057
Summary Calendar

Lyle W. Cayce
Clerk

MARK KIDD; BUFFIE KIDD,

Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-cv-1443

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark and Buffie Kidd ("the Kidds") appeal the district court's grant of summary judgment in favor of State Farm Fire & Casualty Company ("State Farm") on their claim for the balance of their flood insurance policy limits. The district court held that the Kidds were not entitled to the balance of the policy limits because they failed to timely submit a sworn proof of loss for the additional claimed damages. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60057

The Kidds' home was damaged by flooding when Hurricane Katrina hit the Mississippi Gulf Coast on August 28, 2005. At the time of the flooding, the Kidds held a Standard Flood Insurance Policy ("SFIP") issued and administered by State Farm, an approved "Write Your Own" ("WYO") insurance carrier under the federal government's National Flood Insurance Program ("NFIP"). The NFIP is operated by the Federal Emergency Management Agency ("FEMA") and is supported by the United States Treasury. The terms and conditions of the SFIP are fixed by FEMA and no provision of the policy can be "altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator through the issuance of an appropriate amendatory endorsement." 44 C.F.R. § 61.13.

After Hurricane Katrina hit, the Kidds made a claim under the SFIP for the flood damage to their property. Under the terms of the policy, their house was insured up to $125,000, subject to a $500 deductible. State Farm dispatched an adjuster to inspect the Kidds' home and appraise the damage. The adjuster concluded that the insurance policy covered $92,108.67 in property damage. The Kidds signed the adjuster's report, and, on October 17, 2005, State Farm issued the Kidds a check for $92,108.67.

On July 24, 2008, more than two-and-a-half years after they received the check, the Kidds notified State Farm that the total cost of their repairs had exceeded $136,000.00. The Kidds sought the balance of their policy limits and, when State Farm did not respond, the Kidds filed the instant action.

State Farm moved for summary judgment, asserting that the Kidds had failed to comply with the policy requirements because they did not file a sworn proof of loss for any damages in excess of the amount calculated by the adjuster. The Kidds argued that they were excused from filing a proof of loss because they agreed with and signed the adjuster's report, which was accepted by State Farm. The district court concluded that any claim for damages in excess of the

2

No. 10-60057

adjuster's calculation was subject to the proof-of-loss requirement and granted State Farm's motion for summary judgment. The Kidds filed this appeal. They continue to assert that they complied with the terms of the policy because they signed the adjuster's report, which, they argue, substitutes for the proof-of-loss requirement.

We review a district court's grant of summary judgment de novo. *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 555 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When reviewing a grant of summary judgment, we view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006). Federal law governs interpretation of NFIP policies. *See Spence v. Omaha Indemnity Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993)(noting that "national policies underlying the NFIP and extensive federal role therein impel our conclusion that federal common law governs claims under flood insurance policies").

The Kidds argue that the district court erred by granting summary judgment in favor of State Farm because a genuine issue of material fact exists regarding whether the Kidds complied with the terms of the policy. The Kidds assert that they complied with the terms of the policy because the policy states: "At our option, we may accept an adjuster's report of the loss instead of your proof of loss. . . . You must sign the adjuster's report." 44 C.F.R. § 61, app. (A)(1), art. VII(J)(9). The Kidds argue that they were not obligated to file a proof of loss

because they signed the adjuster's report and State Farm accepted the report in lieu of a sworn proof of loss from the Kidds.

With respect to the amounts it has already paid, State Farm does not dispute that the Kidds complied with the terms of the policy by signing the adjuster's report appraising the property damage at $92,108.67; however, State Farm argues that if the Kidds disagreed with the adjuster's damage calculation, they were required to submit a sworn proof of loss for any additional damages. Because the Kidds failed to submit a sworn proof of loss for the damages in excess of the adjuster's calculation, State Farm argues that the Kidds may not recover any additional payments. We agree.

In cases construing the terms of the SFIP, we have held that an insured must file a sworn proof of loss before seeking damages in excess of the amount paid by the insurer. *See Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir. 2008) (per curiam) (holding that the insured could not maintain a lawsuit for additional federal benefits because he had not submitted a sworn proof of loss); 44 C.F.R. § 61, app. (A)(1), arts. VII(J), VII(R) (stating that an insured in the NFIP "may not sue us to recover money under this policy unless [it has] complied with all the requirements of the policy"); *see Richardson v. Am. Bankers Ins. Co.*, 279 F. App'x 295, 298 (5th Cir. 2008) (unpublished)[1] ("This is a strict requirement. The regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with *all* of the policy's requirements, including the [proof-of-loss] requirement."); *see also Wientjes v. Am. Bankers Ins. Co. of Fla.*, 339 F. App'x 483, 485 (5th Cir. 2009) (unpublished) ("The Wientjeses did not agree with American Bankers's adjustment, settlement,

---

[1] Unpublished opinions generally are not precedent. We cite these decisions for their persuasive value and factual similarity. Furthermore, *Richardson*'s reasoning was approved in a published opinion, *Marseilles*. 542 F.3d at 1056, and, thus, is binding to that extent.

No. 10-60057

and payment of their claims. As such, they were required to submit a timely proof of loss as a prerequisite to filing suit.").

Indeed, the facts in *Richardson* are almost identical to the facts in the present case. In *Richardson*, the insured filed a claim under the SFIP and after an adjuster evaluated the damages, the insured received $16,125.50 from the insurer. 279 F. App'x at 296. Richardson later sought additional payments, but never submitted a formal proof of loss for the additional amounts sought. *Id*. at 297. The insurance company denied Richardson the additional payments, and Richardson filed suit. We affirmed the district court's grant of summary judgment, concluding that Richardson could not sue for the additional damages because he never submitted a sworn proof of loss for the damage amount in excess of the adjuster's calculation. *Id*. at 298 ("Richardson's position is contrary to federal statutory law, the Administrator's Waiver, and our precedent. . . . [I]f the policyholder disagreed with the insurer's calculation of the amount owed, the policyholder had to submit to the insurer a sworn [proof of loss] within one year of the date of loss.").

In this case, the Kidds did not file a proof of loss for the amount sought in excess of the policy limits. The adjuster's report substituted for a sworn proof of loss only to the extent of the damages assessed in the report. If the Kidds disagreed with the adjuster's calculation, they were required to submit a sworn proof of loss demonstrating that the additional damages claimed were covered by the policy.[2] They did not do so. Because the Kidds failed to comply with the

---

[2] To the extent that the Kidds argue in their reply brief that an August 31, 2005, FEMA memorandum waived the proof-of-loss requirement, this argument was not raised in their opening brief and is waived. *Tharling v. City of Port Lavaca*, 329 F.3d 422, 430 (5th Cir. 2003) (a party waives an issue by not raising it in their opening brief). We observe, however, that this argument is foreclosed by circuit precedent. *Marseilles*, 542 F.3d at 1053 (holding that the August 2005 FEMA memo did not "render permissive the requirement to file a proof of loss prior to filing suit"); *see also Wientjes*, 339 F. App'x at 485 (rejecting the appellants' argument that the August 2005 memo excused the appellants from filing a sworn proof of loss).

No. 10-60057

policy requirements, we conclude that the district court properly held that the proof-of-loss requirement precludes the Kidds' claim for additional payments.[3]

Accordingly, the judgment of the district court is AFFIRMED and the appellants' motion to strike is DENIED AS MOOT.

---

[3] Because we agree with the district court's finding that the Kidds did not comply with the policy requirements, we decline to address State Farm's alternate argument that we should look to the NFIP Adjuster's Claims Manual published by FEMA, which purportedly limits the application of Article VII(J)(9) to claims having a value of less than $7,500. Instead, we conclude that the signed adjuster's report does not entitle the Kidds to payment beyond the $92,108.67 already paid, and that the Kidds cannot recover further benefits because they failed to submit a timely sworn proof of loss establishing the additional claimed amount.