**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-30473
Summary Calendar

ROLAND FORMAN, Etc., ET AL.,

Plaintiffs,

ROLAND FORMAN, husband of Rosemary Forman,

Plaintiff-Appellant,

versus

FEDERAL EMERGENCY MANAGEMENT AGENCY,
James Lee Witt, Director,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-3036

March 9, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

After their southern Louisiana home was damaged by severe floods in May of 1995,

appellants Roland Forman and Rosemary Forman pursued a claim for flood damages with the Federal

Emergency Management Agency ("FEMA") under their FEMA-written Standard Flood Insurance

Policy ("SFIP"). When their claim was denied for failure to file a Proof of Loss in a timely manner,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

appellants sued. The district court -- faced with FEMA's unopposed motion to dismiss or, in the alternative, motion for summary judgment -- entered judgment in favor of FEMA on January 14, 1997. Appellants subsequently filed a motion for a new trial, which the district court denied on the ground that appellants' filing of the Proof of Loss, even if timely, was inadequate.[1] Appellants contest the judgment of the district court, and we affirm.[2]

Appellants contend that the Proof of Loss they proffered on December 5, 1995, was sufficient to allow FEMA an opportunity to evaluate the merits of their claim, and therefore the district court erred in finding the Proof of Loss to be inadequate. Under FEMA regulations,[3] strict adherence is required to all terms of the SFIP. 44 C.F.R. §§ 61.13(a), (d), (e). The SFIP, as set forth in the

---

[1]The district court issued its order denying appellants' motion for new trial on April 18, 1997.

[2]Appellants' Notice of Appeal purports to challenge the "final judgment" issued by the district court on April 18, 1997. As discussed above, the district court issued its judgment in favor of FEMA on January 14, 1997, not on April 18, 1997. The only action the district court took on April 18, 1997 was to deny appellants' motion for a new trial.

FEMA contends that appellants' Notice of Appeal raises for review only the denial of their motion for new trial, and therefore our review of the district court's action is constrained by the abuse of discretion standard. See Goldman v. Bosco, 120 F.3d 53, 54 (5th Cir. 1997) ("Generally, we review the district court's ruling on a motion for new trial for an abuse of discretion . . . ."). Appellants, however, advocate the de novo standard of review that we reserve for appeals of summary judgment. F.D.I.C. v. Lee, 130 F.3d 1139, 1140 (5th Cir. 1997) ("[A] grant of summary judgment [is reviewed] de novo.").

We need not resolve the parties' dispute concerning the posture of this appeal and the applicable standard of review. Even if we view this case as an appeal of summary judgment, and apply the more lenient de novo standard of review, the district court's judgment survives scrutiny. As explained below, appellants fail to establish that there is a "genuine issue [of] material fact" or that FEMA is not "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

[3]FEMA has authority to promulgate by regulation "general terms and conditions of insurability . . ., including . . . any . . . terms and conditions relating to insurance coverage or exclusion which may be necessary to carry out the purposes of [the National Flood Insurance Program]." 42 U.S.C. § 4013.

2

regulations,[4] provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing, *inter alia*, (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount . . . claim[ed] [as] due under [the] policy to cover the loss . . . ." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶J(3).

Although we have serious reservations about whether appellants' filing of the Proof of Loss was timely under the facts of this case, we do not decide this appeal on that basis. Rather, we uphold the district court's finding that appellants' Proof of Loss (assuming it was filed in a timely manner) was inadequate. By writing "THESE FIGURES ARE UNACCEPTABLE" next to the listed amounts, appellants in effect nullified any representations as to the "actual cash value loss" or "the net amount claimed" that these figures otherwise would have made.[5] See Rec. 13. Moreover, by failing to provide "acceptable" damage figures of their own, appellants did not provide any sworn information whereby FEMA could evaluate "the merits of their claim." Appellants' presumption that their claim could be processed in these circumstances is simply implausible, if not absurd.

Appellants contend in the alternative that FEMA should be estopped from asserting as a defense their failure to meet the Proof of Loss filing requirement. We disagree. Appellants' claim ignores the Supreme Court's recent holding, made under the Appropriations Clause of the Constitution, Art. I, § 9, cl. 7, that the judiciary is powerless to uphold an "an assertion of estoppel

---

[4]44 C.F.R. Pt. 61, App. A(1); 44 C.F.R. §§ 61.4(a), (b); 44 C.F.R. § 61.13(a) ("Each of the Standard Flood Insurance Po licy forms included in Appendix 'A' hereto . . . and by reference incorporated herein shall be incorporated into the Standard Flood Insurance Policy.").

[5]The figures appearing in the December 5, 1995, Proof of Loss had been transcribed by the insurance adjustor assigned to investigate appellants' claim.

against the Government by a claimant seeking [money from the Public Treasury contrary to a statutory appropriation]." OPM v. Richmond, 496 U.S. 414, 434, 424, 110 S.Ct. 2465, 2476, 2471, 110 L.Ed.2d 387 (1990). The Court recognized that "'not even the temptations of a hard case' will provide a basis for ordering recovery contrary to the terms of [a] *regulation*, for to do so would disregard 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" Richmond, 496 U.S. at 420, 110 S.Ct. at 2469 (quoting Federal Crop Ins. Corporation v. Merrill, 332 U.S. 380, 385-86, 68 S.Ct. 1, 3-4, 92 L.Ed. 10 (1947)) (emphasis added).

Payments awarded under FEMA-issued flood insurance policies are indeed "a direct charge on the public treasury." In re Estate of Lee, 812 F.2d 253, 256 (5th Cir. 1987). FEMA, acting well within its statutory rule-making authority, 42 U.S.C. § 4013, has established that a claimant must file a Proof of Loss containing certain specified information before his claim may be considered. 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶J(3). As established above, appellants failed to satisfy this regulatory requirement in this case. In such circumstances, there can be no estoppel of the Proof of Loss requirement, for we cannot estop "the conditions defined by Congress for charging the public treasury." Richmond, 496 U.S. at 420, 110 S.Ct. at 2469 (quoting Merrill, 332 U.S. at 385-86, 68 S.Ct. at 3-4). Appellants, therefore, have not raised any genuine issues of material fact foreclosing judgment as a matter of law in FEMA's favor. The judgment of the district court is affirmed accordingly.

AFFIRMED.