REVISED SEPTEMBER 26, 2008
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-31005

MARSEILLES HOMEOWNERS CONDOMINIUM ASSOCIATION INC.

Plaintiff-Appellant

v.

FIDELITY NATIONAL INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

This suit stems from extensive damage wrought by Hurricane Katrina to property located on Lake Marina Drive, New Orleans. The plaintiff-appellant, Marseilles Homeowners Condominium Association (Marseilles) was the insured pursuant to a flood insurance policy issued under the National Flood Insurance Program by the defendant-appellee, Fidelity National Insurance Company (Fidelity). Fidelity paid Marseilles $973,246.75. Marseilles submitted a claim for additional damages, which was denied by Fidelity. Marseilles subsequently filed suit, and the district court, ruling that the insured's failure to submit a

proof of loss precluded the claim, granted summary judgment in Fidelity's favor. We affirm.

I.    BACKGROUND

This case involves the National Flood Insurance Program (NFIP) that Congress created to provide insurance coverage at or below actuarial rates. Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998). The Federal Emergency Management Agency (FEMA) operates the NFIP, which is supported by the federal treasury. A policy issued under the NFIP is called a Standard Flood Insurance Policy (SFIP). A SFIP is "a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders." Mancini v. Redland Ins. Co., 248 F.3d 729, 733 (8th Cir. 2001). FEMA sets the terms and conditions of all SFIPs. Gowland, 143 F.3d at 953. SFIPs may be issued directly by FEMA or through private insurers, which are called "Write Your Own" (WYO) companies. Id. Pursuant to statute, WYO insurance companies are fiscal agents of the United States. Id. (citing 42 U.S.C. § 4071(a)(1)). Here, Fidelity, as a WYO company, issued the policy to Marseilles. The property was insured for $12,000,000.

After Hurricane Katrina, the insured property suffered damage due to flood water. Marseilles filed a claim under its policy with Fidelity. Fidelity sent an independent adjuster to inspect and adjust the flood loss under the terms of the SFIP. Fidelity ultimately determined that the damages were $973,246.75, and paid that amount to Marseilles. Marseilles submitted further information to Fidelity requesting an additional $642,000 in losses. Fidelity issued a writing denying coverage of the additional claim.

Marseilles subsequently filed suit in district court. During the course of the proceedings, Fidelity asserted for the first time that the suit should be barred because Marseilles had not submitted a sworn proof of loss as required by the regulations. Fidelity filed a motion for summary judgment based on this

assertion, and the district court granted summary judgment. Marseilles filed a motion to alter or amend the judgment, arguing that new evidence showed that Fidelity had obtained waivers of the proof-of-loss requirement in other cases. The district court denied the motion. Marseilles appeals.

II.    ANALYSIS

A.    Standard of Review

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. E.g., Hanks v. Transcontinental Gas Pipe Line Corp., 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

B.    Waiver of Proof-of-Loss Requirement

Marseilles contends that the district court erred in granting summary judgment because Fidelity waived the proof-of-loss requirement. The regulations state that no provision of a SFIP can be waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61, app. A(2), art. VII(D). Under this program, an insured cannot file a lawsuit seeking further federal benefits under the policy unless the insured can show prior compliance with all policy requirements. 44 C.F.R. § 61, app. (A)(1), art. VII(R). Here, Marseilles failed to submit a sworn proof of loss, which is a condition precedent to bringing the instant litigation. See 44 C.F.R. § 61, app. A(2), art. VII(J)(4). Generally, the deadline for filing a proof of loss is 60 days. Id. However, in a August 31, 2005 memo after Hurricane Katrina, the Acting Federal Insurance Administrator changed the 60-day deadline to a one-year deadline.

In its initial brief, Marseilles contends that the district court exalted form over substance in granting summary judgment based on Marseilles's failure to

submit a proof of loss.  Marseilles states that it provided adequate claim information sufficient to allow Fidelity to adjust the claim prior to suit being filed.  Marseilles points out that Fidelity paid Marseilles based on the initial claim without a sworn proof of loss being filed.  Further, Marseilles asserts that the Fifth Circuit precedent relied on by the district court did not consider whether a proof of loss is required after the insurer has accepted the claim information and issued payment to the insured without a proof of loss.  However, shortly after Marseilles filed its initial brief, this Court issued a decision considering just such a fact pattern.

In Richardson v. American Bankers Ins. Co., 2008 WL 510518 (5th Cir. Feb. 27, 2008) (unpublished), the insured, Richardson, filed a claim pursuant to his SFIP and received $16,125.50 for damage to his property after Hurricane Katrina.  Richardson later sought additional benefits and provided invoices and estimates but he never submitted a sworn proof of loss for the additional sum.  The insurance company denied his coverage.  Richardson contended that the insurance company's lawyer told him over the phone that "proof of loss was not and would not be an issue in this lawsuit."  Id. at *1.  Richardson filed suit, and the district court granted the insurer's motion for summary judgment based solely on the ground that Richardson had not submitted a sworn proof of loss with respect to the denied claims.  This Court affirmed the grant of summary judgment, stating that "Richardson's position is contrary to federal statutory law, the Administrator's Waiver, and our precedent."  Id. at *2.  The panel referred to the submission of a sworn proof of loss within one year as a "strict" requirement.  Id.  The regulations provide that an insured in the NFIP "cannot file a lawsuit seeking further federal benefits under the SFIP unless the [insured] can show prior compliance with all of the policy's requirements, including the [proof-of-loss] requirement."  Id. (emphasis in opinion) (citing 44 C.F.R. § 61, app. (A)(1), arts. VII(J), VII(R)).

This Court rejected Richardson's theory of "substantial compliance" as contrary to our caselaw, explaining that:

> because "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, . . . an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."

Id. at *3 (quoting Gowland, 143 F.3d at 954). This Court also rejected Richardson's estoppel argument, which was based on the insurer's attorney's alleged representation that no proof of loss was needed, recognizing that the Supreme Court "'has never upheld an assertion of estoppel against the Government by a claimant seeking public funds.'" Id. (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 434 (1990)).[1]

We follow the persuasive analysis in Richardson, which simply applies controlling precedent in a manner consistent with prior precedent. See Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337 (11th Cir. 2007) (rejecting insured's claim that insurer was equitably estopped from arguing failure to submit proof of loss); Wright v. Allstate Ins., 415 F.3d 384 (5th Cir. 2005) (holding that insurer was not equitably estopped from raising insured's failure to file an adequate proof of loss); Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998) (explaining that inadequate proof of loss precluded suit and that the conditions Congress imposes for disbursing the federal treasury cannot be estopped). Because Marseilles's argument is unavailing in light of this Court's precedent, we conclude that the district court properly found that the proof-of-loss requirement precluded the claim.

### C. Interpretation of FEMA Memo

---

[1] Marseilles states that Fidelity's adjuster had written "proof waived" on the bottom of a form submitted to Fidelity. Our above-cited precedent precludes this estoppel argument.

Marseilles next contends that FEMA waived the proof-of-loss requirement in its August 31, 2005 memo that extended the 60-day deadline to a one-year deadline. As set forth previously, in the aftermath of Hurricane Katrina, the Acting Federal Insurance Administrator changed the 60-day deadline to a one-year deadline. In pertinent part, the memo provides that:

> I am waiving the requirement in VII.J.4 of the SFIP . . . for the policyholder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report. . . .
>
> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP. . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R of the SFIP. . . .

(emphasis added).

Marseilles contends that the memo's use of the word "may" renders permissive the previously mandatory requirement of a proof of loss. The Eleventh Circuit has rejected such an argument in the context of a memo issued by the Federal Insurance Administrator after Hurricane Ivan. Shuford, 508 F.3d 1337. The relevant language in the memo issued by the Administrator after Hurricane Ivan appears identical to the language at issue in the instant memo. In Shuford, the insured similarly claimed that the permissive term "may" indicated that submitting a proof of loss was not a mandatory requirement. Id. at 1342. The Eleventh Circuit disagreed, opining that the memo meant that the "policyholder had a choice whether to challenge the insurer's decision, not that filing the proof of loss was optional." Id. Indeed, "[i]f filing a proof of loss within a year of the loss were not a requirement for

obtaining judicial relief, the clause '[i]f the insurer rejects the proof of loss in whole or in part' would be superfluous." Id. (second alteration in original). The Eleventh Circuit's reading of the memo is logical and more sound than the interpretation posited by Marseilles. Thus, we agree that the memo in question does not render permissive the requirement to file a proof of loss prior to filing suit.[2]

### D. Compliance with NFIP Regulations

Marseilles contends that the district court erred in granting summary judgment because there was a genuine issue of material fact with respect to its compliance with the NFIP regulations. More specifically, Marseilles contends that because it submitted information regarding its loss to Fidelity, there is a fact issue with respect to the adequacy of the proof of loss.

To sustain this contention would be in direct contravention of our precedent. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." Forman, 138 F.3d at 545 (5th Cir. 1998) (citing 44 C.F.R. §§ 61.13(a), (d), (e)) (footnote omitted). Marseilles does not dispute the district court's finding that the documents relied upon do not meet the requirements of 44 C.F.R. § 61, app. A(2), art. VII(J)(4). Thus, the district court correctly found no genuine issue of material fact with respect to whether Marseilles submitted a sworn proof of loss.

### E. Motion to Alter or Amend Judgment

Finally, Marseilles contends that the district court abused its discretion by denying its motion to alter or amend the judgment. A motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest

---

[2] It is undisputed that Marseilles filed suit on August 22, 2006, which is within one year from the date of loss. Marseilles repeatedly asserts that, at the time it filed suit, a proof of loss was not required. It is of no moment that the deadline for filing a proof of loss had not yet passed because Marseilles subsequently did not file a proof of loss within the one-year deadline. Moreover, as set for previously, under the regulations of the NFIP, the proof-of-loss was a condition precedent for filing suit.

error of law or fact or must present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Rule 59(e) "motions cannot be used to raise arguments that could, and should, have been made before the judgment issued." Id. (internal citation and quotation marks omitted).

Marseilles's motion was primarily based on Fidelity's alleged past history of seeking waivers of the proof-of-loss requirement in other similarly situated cases. Marseilles believed that it was inequitable for Fidelity to seek a waiver of the proof-of-loss requirement in other cases but not extend such an offer to it.[3] Marseilles wanted the option of seeking a waiver from FEMA regarding the proof-of-loss requirement and then asking the district court to determine the coverage dispute.[4]

In support of its position that Fidelity sought and obtained from FEMA waivers of the sworn proof-of-loss requirement in other cases, Marseilles attached to its motion an affidavit executed by Martha Y. Curtis, an attorney who represented other plaintiffs in cases involving the failure to submit a proof-of-loss, and who is also an attorney with the law firm representing Marseilles in this case.

In its order, the district court rejected Marseilles's "'new' argument that it should be allowed to seek a waiver from FEMA regarding the proof of loss requirement based on evidence of Fidelity (in other cases) obtaining waivers of the sworn proof of loss requirement to permit the payment of claims." The district court concluded that Marseilles "could and should have made this 'new'

---

[3] This argument strikes us as hollow given our holding that the filing of the proof-of-loss requirement is a condition precedent and the doctrine of equitable estoppel is not an available remedy against the government.

[4] We note that Fidelity did not deny the additional claim based on the failure to file a proof of loss; instead, Fidelity denied coverage because it concluded that the additional claim was not a covered loss. Fidelity's determination that coverage did not exist for the additional claim would be incongruous with seeking a waiver of the proof-of-loss requirement.

argument before summary judgment was entered in favor of Fidelity, and [that] Plaintiff has not argued, much less shown, that it could not have submitted any of the documents it now attaches to its Motion, before the court ruled on Fidelity's Motion for Summary Judgment."

Marseilles's claim of disparate treatment was not raised prior to entry of judgment. It is clear from the evidence supporting the motion that this argument "could, and should, have been made before the judgment issued." Simon, 891 F.2d at 1159 (internal citation and quotation marks omitted). The district court did not abuse its considerable discretion in denying Marseilles the opportunity to raise the claim after judgment.[5]

III. CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.

---

[5] Marseilles contends that the district court erred in its analysis because it failed to consider the appropriate factors with respect to altering a judgment based on untimely presented evidence. See Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995) (setting forth the factors to be considered when a party seeks to amend a judgment with untimely evidence). Here, however, the untimely evidence Marseilles submitted was not in support of a claim made prior to the issuance of judgment. The untimely evidence Marseilles submitted was in support of its new argument. As set forth above, the district court did not abuse its discretion in denying the motion to alter or amend the judgment based on a new theory that could have been raised prior to judgment. We find no error.