# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2010

No. 09-30342

Lyle W. Cayce
Clerk

ALICE GINART, wife of/and; MICHAEL C. GINART, JR.,

Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-06841

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs seek reimbursement under their Standard Flood Insurance Policy (SFIP) for costs they incurred in raising their property from its required Base Flood Elevation (BFE) to an Advisory Base Flood Elevation (ABFE). The district court granted summary judgment in favor of Defendant, concluding that Plaintiffs' claim did not fall within the coverage of their SFIP. Plaintiffs appeal. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30342

## BACKGROUND

"The Federal Emergency Management Agency (FEMA) operates the [National Flood Insurance Program (NFIP)], which is supported by the federal treasury." *Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008). "A policy issued under the NFIP is called a . . . SFIP." *Id.* "A SFIP is 'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'" *Id.* (alteration in original) (quoting *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)). "SFIPs may be issued directly by FEMA or through private insurers," like Defendant. *Id.*

Plaintiffs own a rental property insured under a SFIP written by Defendant. In 2006, following Hurricane Katrina, Plaintiffs elevated that property from its existing BFE to a proposed ABFE. They claimed this expense under their SFIP and Defendant disallowed the claim, leading to the instant litigation.

Plaintiffs concede that there is only one provision of their SFIP, known as the "Increased Cost of Compliance" (ICC) provision, that could cover their claimed costs. It states that the SFIP will "pay[] you to comply with State or local floodplain management laws or ordinances that meet the minimum standards of the National Flood Insurance Program. . . . We pay for compliance activities that exceed these standards under [certain] conditions." Those conditions include, in relevant part:

> Elevation or floodproofing in any risk zone to preliminary or advisory base flood elevations provided by FEMA which the State or local government has adopted and is enforcing for flood-damaged structures in such areas. (This includes compliance activities in B, C, X, or D zones which are being changed to zones with base flood elevations. This also includes compliance activities in zones where base flood elevations are being increased, and a flood-damaged

structure must comply with the higher advisory base flood elevation.)

Plaintiffs also concede that the St. Bernard Parish Council, the controlling local government authority for the property, did not adopt the proposed ABFEs as the elevation levels required of property within the Parish until April 2007, when it passed an ordinance providing that the ABFEs would only be enforced starting June 2007. Plaintiffs note, however, that the Parish Council began considering whether to adopt the ABFEs in 2006. Moreover, they emphasize that while they were in the process of elevating their property, the Parish issued a "Substantial Damage Determination" for the property. That document indicated that the Parish found that the property had been "substantially damage[d] due to flooding" and thus it "may be required to be demolished or rebuilt." It further stated that "[a]ll substantially damaged structures which do not meet Base Flood Elevations (BFE) established by FEMA will be required to meet certain BFE standards."

Based on the foregoing, the district court granted summary judgment in favor of Defendant. It stated that "[t]he policy language unequivocally restricts authorized coverage for compliance activities when the local government is currently, not prospectively, enforcing the ABFEs." Because, at the time Plaintiffs elevated their property, the Parish Council had not adopted the ABFEs, the court concluded that the SFIP did not cover Plaintiffs' expenses. The court acknowledged that the policy's parenthetical statement, indicating that it would cover compliance activities in zones "where base flood elevations are being increased," suggested coverage might exist in some circumstances even if the ABFEs had not yet been adopted. However, that same parenthetical indicated that such coverage could only extend to property that "must comply with the higher advisory base flood elevation." Plaintiffs, the court explained, introduced no evidence indicating they were made to comply with the ABFE. In fact, the

3

No. 09-30342

Substantial Damage Determination indicated that they only needed to comply with the current BFE. Lest there be any doubt regarding these conclusions, the court pointed to a November 15, 2005 memorandum from FEMA, which stated, "If the community adopts and enforces the FEMA provided ABFEs, [ICC] benefits will be available to elevate buildings to the ABFEs. If the community does not adopt and enforce the ABFEs, ICC benefits will only pay to elevate to the BFE."

Plaintiffs filed a Rule 59(e) motion to alter or amend the judgment. The district court denied that motion, finding no manifest error of law or fact. It reiterated that "the unambiguous language of the SFIP" indicates Plaintiffs are not entitled to reimbursement.

## STANDARD OF REVIEW

This court reviews grants of summary judgment *de novo*. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538 (5th Cir. 2004). "[E]ach movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* at 538-39. "We must review the evidence, as well as the inferences that may be drawn from the evidence, in the light most favorable to the party that opposed the motion for summary judgment." *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992).

## DISCUSSION

In *Hanvor Building Materials, Inc. v. Guiffrida*, this court stated that when disputes arise regarding the "interpretation of flood-insurance policy provisions[,] . . . they are resolved under federal law 'by drawing upon standard insurance law principles.'" 748 F.2d 1011, 1013 (5th Cir. 1984) (quoting *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978)). These principles include "that, 'if the language of a policy is clear and unambiguous, it should be accorded its natural

4

meaning.'" *Id.* (quoting *Landress Auto Wrecking Co., Inc. v. U.S. Fid. & Guar. Co.*, 696 F.2d 1290, 1292 (5th Cir. 1983)).

Because we conclude that the SFIP provision at issue unambiguously excludes coverage for Plaintiffs' claim, we affirm the judgment below largely for the reasons stated by the district court. For elevation expenses to fall within the policy coverage for compliance with "the minimum standards of the National Flood Insurance Program" or for "[e]levation . . . to preliminary or advisory base flood elevations," the policy clearly states that "State or local floodplain management laws or ordinances" must first have begun to enforce those elevation levels. At the time Plaintiffs' insurance claim for raising their home from the BFE to the ABFE accrued, they acknowledge, the local government authority had not adopted the ABFE. To the extent that the policy can be read as providing coverage "where base flood elevations are being increased" by the local government authority, it also unambiguously limits such coverage to instances where the local government required the policy holder to "comply with the higher advisory base flood elevation." That is clearly not the case here. The Substantial Damage Determination introduced by Plaintiffs demonstrates that they only needed to comply with the BFE.

Plaintiffs—whose property is in Zone B—imply that because the ICC provision's parenthetical statement indicates coverage exists for "compliance activities in B, C, X, or D zones which are being changed to zones with base flood elevations" and does not link that coverage with those elevations being adopted or enforced, at the very least this statement encompasses their claim. However, the cited parenthetical sentence clearly and specifically references the earlier terms and conditions of the ICC provision. The cited sentence begins with the phrase "[t]his includes," the "this" referring back to the scope of coverage established earlier in the paragraph, which was limited to where the "local government has adopted and is enforcing" the elevation levels. Therefore, as we

find the SFIP language unambiguous, we must afford it that meaning, and conclude that Plaintiffs' claim, by their own admission, does not fall within the policy's terms.

Plaintiffs make much of the fact that in 2008, well after they elevated their home and filed the instant suit, they obtained a letter from David Paysse, Legal Counsel to the Parish President, stating that the Substantial Damage Determination required Plaintiffs "to meet or exceed the ABFEs." This after-the-fact conclusory assertion does not alter the plain language of the 2006 Substantial Damage Determination, also relied upon by Plaintiffs, which states that Plaintiffs were only "required to meet current BFE standards." Therefore, we conclude that the Paysse letter is insufficient to establish a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff[s'] position will be insufficient [to establish a genuine issue of material fact]; there must be evidence on which the jury could reasonably find for the plaintiff[s].").

Plaintiffs also suggest that they are entitled to coverage because they complied with the FEMA directions for obtaining such coverage. Plaintiffs' Br. 22-23. However, again, the evidence introduced by Plaintiffs, the directions, undermines this argument. The form indicates that to obtain "Increased Cost of Compliance" coverage the expenses incurred must be to "mitigat[e]" a Substantial Damage Determination. In other words, the costs must be required by the Substantial Damage Determination in order to avoid the consequences of the determination, namely demolition. Here, the Substantial Damage Determination did not require Plaintiffs to raise their property to the ABFE, but rather only to the BFE. Thus, Plaintiffs did not in fact comply with the directions and their argument must fail.

No. 09-30342

## CONCLUSION

Fore the foregoing reasons we AFFIRM the grant of summary judgment in favor of Defendant.