# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

No. 10-30358
Summary Calendar

Lyle W. Cayce
Clerk

VIOLET B. COLLINS,

Plaintiff–Appellant,

v.

NATIONAL FLOOD INSURANCE PROGRAM,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-8547

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Violet Collins appeals the district court's grant of summary judgment dismissing her flood insurance claims. For the following reasons, we affirm.

**I**

Collins, a New Orleans homeowner, was issued a Standard Flood Insurance Policy (SFIP) by the Federal Emergency Management Agency (FEMA) through Encompass Insurance Company as part of the National Flood Insurance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30358

Program (NFIP).  Under the policy, Collins's property was insured for $225,000 in building coverage and $12,500 in contents coverage.  Collins's house sustained flood damage as a result of Hurricane Katrina.  She contacted FEMA to provide notification of her flood damage, and FEMA sent an adjuster to her house.  The adjuster issued a report assessing Collins's loss at a value less than the policy limits, and FEMA subsequently sent her a payment based on the report. Because the adjuster missed certain items, Collins sent supplemental documentation to her insurance provider.  FEMA then issued two additional checks for her flood claims.

Collins filed suit against Encompass and the NFIP, alleging that the payments on her flood claims were insufficient.  Encompass and NFIP moved for summary judgment on the ground that Collins failed to file proof of loss within a year and was thereby barred from seeking a supplemental payment.  The district court granted the defendants' motion for summary judgment.  Collins now appeals.

**II**

We review the grant of a motion for summary judgment de novo, applying the same standard as the district court.[1]  We view the evidence in the light most favorable to the non-moving party and avoid credibility determinations and weighing of the evidence.[2]  Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter

---

[1] *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[2] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002).

No. 10-30358

of law.[3]  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.[4]

## III

Collins asserts that the district court erred in dismissing her claims for failure to file proof of loss.  Under the NFIP, an insured cannot file a lawsuit seeking additional benefits under the policy unless the insured can prove compliance with all SFIP requirements.[5]  We strictly construe and enforce these policy requirements.[6]  Article VII(J)(4) of the SFIP requires that an insured submit a sworn proof of loss.[7]  "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[8]  Generally, an insured is required to submit proof of loss within 60 days of the loss.[9]  But FEMA extended the requirement for Hurricane Katrina claims, allowing the insured to submit proof of loss within one year of the loss.[10]

Collins contends that she was not required to file proof of loss because (1) in the aftermath of Hurricane Katrina NFIP waived the requirement of filing proof of loss and (2) NFIP was estopped from requiring Collins to file proof of

---

[3] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008).

[6] *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

[7] *See* 44 C.F.R. pt. 61, app. A(2), art. VII(J)(4).

[8] *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).

[9] *Marseilles*, 542 F.3d at 1055.

[10] *Id.*

3

loss. Alternatively, Collins contends that she substantially complied with the proof-of-loss requirement.

Collins's first argument—that FEMA waived the proof-of-loss requirement in an August 31, 2005 memorandum written by David Maurstad, the then Acting Federal Insurance Administrator—is foreclosed by our precedent. In *Marseilles Homeowners Condominium Association Inc. v. Fidelity National Insurance Co.*, we explicitly held that Maurstad's memorandum did not "render permissive the requirement to file a proof of loss prior to filing suit."[11] Accordingly, Collins's argument in this regard has no merit.

Collins next argues that the NFIP is estopped from requiring her to provide proof of loss since she received a letter from an insurance adjuster informing her that the NFIP had waived the requirement for filing proof of loss. However, even if we assume that the adjuster made this representation, "federal regulations provide that no provision of the policy may be altered, varied, or waived without the *express* written consent of the Federal Insurance Administrator."[12] Because the Administrator did not waive the proof-of-loss requirement and because the adjuster had no authority to do so, Collins's equitable estoppel argument fails in this regard. Further, because any payments on Collins's claim would come from the public treasury, Collins has essentially asserted an estoppel claim against the government,[13] and we have never upheld such claims in the context of the NFIP.[14]

---

[11] *Id.* at 1057.

[12] *Gowland,* 143 F.3d at 951, 954 (citing 44 C.F.R. § 61.13).

[13] *See id.* at 955 (explaining that payments pursuant to a policy under the NFIP "are a direct charge on the public treasury") (internal quotation marks omitted).

[14] *See Marseilles*, 542 F.3d 1053, 1056 n.1 (5th Cir. 2008); *Gowland*, 143 F.3d at 955.

No. 10-30358

Finally, Collins asserts that she substantially complied with the proof-of-loss requirements and argues that because she suffers from a debilitating eye disease, full compliance was not required.  Although Collins recognizes that we have previously rejected arguments that substantial compliance satisfies the proof-of-loss requirement,[15] she contends that because of her eye disease she "is a plaintiff who should be taken as she is under Louisiana law."  Collins, however, fails to explain why Louisiana tort law would apply to her claim for flood insurance proceeds or why, if applicable, this would exempt her from our precedent requiring strict compliance with the SFIP proof-of-loss requirements. Accordingly, her argument fails in this regard.

*    *    *

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.

---

[15] *See, e.g., Gowland*, 143 F.3d at 953-54 (holding that notice of loss is "separate and distinct" from the formal proof of loss required by the policy).