# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2016

Lyle W. Cayce
Clerk

CONSTRUCTION FUNDING, L.L.C.,

      Plaintiff–Appellant,

v.

FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY,

      Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5630

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Construction Funding, LLC filed a flood insurance claim with Defendant–Appellee Fidelity National Indemnity Insurance Company ("Fidelity") after Hurricane Isaac struck southeastern Louisiana in August 2012. Fidelity denied the claim, and Construction Funding filed suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30040

alleging various contract and tort claims. The district court granted summary judgment in favor of Fidelity, and Construction Funding appeals.

For the reasons stated below, we affirm the district court's grant of summary judgment.

## I. BACKGROUND

The National Flood Insurance Act of 1968 created the National Flood Insurance Program ("NFIP") to provide affordable flood insurance on fair terms. *Spong v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 304 (5th Cir. 2015). The NFIP is administered and regulated by the Federal Emergency Management Agency ("FEMA"). *Id.* Fidelity participates in the NFIP as a Write-Your-Own Program ("WYO") carrier. As a WYO carrier, Fidelity issues Standard Flood Insurance Policies ("SFIP") to NFIP participants and is responsible for handling all claims that arise under the SFIPs it issues. The terms of the SFIP are set by FEMA. *Spong*, 787 F.3d at 304; *see also* 44 C.F.R. pt. 61, app. A(1).

Construction Funding owns a piece of property located in Mandeville, Louisiana, that is insured under a SFIP issued by Fidelity. According to Construction Funding, this property suffered severe damage when Hurricane Isaac struck southeastern Louisiana in August 2012. Seeking reimbursement for the damage, Construction Funding submitted a claim to Fidelity to recover for a loss of $76,218.01. Fidelity denied the claim, concluding that Construction Funding's damages were "unsubstantiated" and there was insufficient proof to confirm that the damage was caused by Hurricane Isaac and not a prior flood.

Following denial of its claim, in August 2013 Construction Funding filed suit against Fidelity for breach of contract, breach of the duty of good faith and fair dealing, and negligent misrepresentation. In November 2014, Fidelity moved for summary judgment, arguing that Construction Funding failed to comply with the terms of the SFIP, which is a prerequisite to bringing suit

2

No. 15-30040

under the policy. The district court agreed and granted summary judgment. Construction Funding now appeals.

## II. DISCUSSION

The district court had jurisdiction over this dispute under 42 U.S.C. § 4072, which grants federal courts exclusive jurisdiction over disputes between claimants and insurers in the NFIP. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291.

This Court reviews a district court's grant of summary judgment de novo, viewing "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Disputes arising out of NFIP policies are governed by federal common law. *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993). Because NFIP claims are paid through treasury funds, our Court has long recognized that the terms and conditions of SFIPs must be "strictly construed and enforced." *E.g.*, *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir. 2015) (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)).

In order to recover under an SFIP, FEMA regulations require strict compliance with the SFIP itself. *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008). This requirement is also incorporated into the language of the SFIP. Article VII(R) of the SFIP states that a claimant "may not sue [] to recover money under this policy unless

3

No. 15-30040

[the claimant has] complied with all the requirements of the policy." 44 C.F.R. pt. 61, app. A(1), art. VII(R). Therefore, in order to file suit under the SFIP, the claimant must "show prior compliance with all policy requirements." *Marseilles*, 542 F.3d at 1055. Strictly construing this provision of the SFIP, Construction Funding must comply with all of the policy's requirements in order to recover in this action and therefore survive summary judgment.

Fidelity argues that Construction Funding failed to comply with Article VII(J) of the SFIP. Under the SFIP issued through Fidelity, Construction Funding is required to "[g]ive prompt written notice" of flood damage and "[p]repare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. pt. 61, app. A(1), art. VII(J). Construction Funding is instructed to "[a]ttach all bills, receipts, and related documents" to the inventory. *Id.* Additionally, Construction Funding must file a timely, sworn "proof of loss," which must include "[s]pecifications of damaged buildings and detailed repair estimates." *Id.* Construction Funding is instructed to use its "own judgment concerning the amount of loss and justify that amount." *Id.*

Fidelity does not dispute that Construction Funding filed a timely and sworn proof of loss claiming $76,218.01 in damages. The proof of loss form submitted to Fidelity itemized the claim into general categories, such as "ACTUAL CASH VALUE of building structures" and "ACTUAL CASH VALUE OF CONTENTS of personal property insured," but Construction Funding failed to submit any substantiating documentation or explanation to support its claim, as required by the SFIP. Construction Funding concedes that failure to file a proof of loss is "grounds for summary judgment" but that summary judgment is improper when there is a dispute as to the sufficiency of the proof of loss submitted. But, Construction Funding's theory fails, as substantial compliance with the SFIP is not enough to meet the compliance requirement

of Article VII(R).  *See, e.g.*, *Marseilles*, 542 F.3d at 1056; *Gowland*, 143 F.3d at 953–54.  The "failure to provide a *complete*, sworn proof of loss statement . . . relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954 (emphasis added). Construction Funding's failure to substantiate and justify the amount of its claim is a failure to comply with Article VII(J) of the SFIP. Therefore, because Construction Funding has failed to demonstrate that it submitted a proof of loss complying with all SFIP requirements, no genuine dispute of material fact exists as to whether Construction Funding can recover in this suit. Accordingly, Fidelity is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.