## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30334

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2020

Lyle W. Cayce
Clerk

WILLIAM T. CLARK, III; MICHAEL S. PEARL,

Plaintiffs - Appellants

v.

WRIGHT NATIONAL FLOOD INSURANCE COMPANY, Appears solely in its capacity as a Write-Your-Own Program,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4852

Before DENNIS, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

The plaintiffs brought a claim for breach of contract against the defendant insurance company alleging the company failed to issue payment for losses covered under the plaintiffs' policy. The district court entered summary judgment in favor of the company because the plaintiffs failed to comply with the policy's requirements for filing proofs of loss. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30334

## FACTUAL AND PROCEDURAL BACKGROUND

The home of the plaintiffs, William T. Clark III, and his son, Michael S. Pearl, sustained damage due to flooding that occurred on March 11, 2016 and again on August 12, 2016. Clark had a Standard Flood Insurance Policy ("SFIP") issued by the defendant Wright National Flood Insurance Company in its capacity as a Write-Your-Own ("WYO") insurance carrier participating in the National Flood Insurance Program ("NFIP").

For the March 2016 flood, Clark reported his losses on March 13. Bryan Nixon, a claims inspector hired by a claims corporation working for Wright, inspected Clark's home on March 17. Clark submitted a letter he represented as his proof of loss ("POL") on April 27, showing building and contents losses over the policy limits. The POL also contained the statement, "I hereby declare and attest that the information contained in this letter is true and correct to the best of my knowledge." The deadline to submit a POL for the March flood was July 11. Clark refused to sign a proposed POL that was prepared by Nixon. Clark again refused to sign revised damage estimates and POLs prepared by Nixon on May 16, 2017, and again on June 22. The plaintiffs allege Nixon's estimates and POLs, which were well under the policy limits, failed to include certain flood-related damages. On January 22, 2018, though, Clark submitted a POL for (1) the "undisputed building and contents losses for the March flood," and (2) the total building and contents losses claimed in the April 27 POL. On January 29, Wright issued payment to Clark for only the total undisputed amount of building and contents losses.

For the August 2016 flood, Clark reported his losses on August 17. Alan Nunnelley, a claims inspector hired by a claims corporation working for Wright, inspected Clark's home on August 21 and provided Clark with a damage estimate and a proposed POL dated October 25. Clark refused to sign the proposed POL and submitted a letter he represented as his POL on

No. 19-30334

December 7, 2016, which contained an invoice for contractor repairs, the adjuster's list of content losses, and the same declaratory statement found in the April 27, 2016 POL for the March flood. The deadline to submit a POL for the August flood was December 31, 2017. Clark again refused to sign a revised and final POL prepared by Nunnelley on September 5, 2017. On February 7, 2018, Clark submitted a POL for $63,663.82, which were the undisputed losses from the August flood, but the POL also stated that "there are additional contents claims to be addressed later," specifically the alleged losses listed in Clark's December 7, 2017 POL. The parties now agree that Wright issued payment to Clark for the total undisputed amount of losses for the August flood sometime in early 2019 after the Federal Emergency Management Agency ("FEMA") granted a limited waiver of the SFIP's POL requirements to allow Wright to tender the undisputed loss amount.

Clark and Pearl, litigating *pro se*, filed suit against Wright for breach of contract on May 14, 2018, alleging Wright failed properly to adjust, settle, and pay their claims for covered losses from the two floods. They seek as relief the difference between the full amount of covered losses as alleged in their April and December 2016 POLs and what Wright has already paid in undisputed losses. Wright moved for summary judgment on January 23, 2019. The district court granted Wright's motion, concluding that: (1) Clark's April and December 2016 POLs were not sworn claims as required by the SFIP; (2) Clark's December 2016 POL failed to state the amount that the plaintiffs claimed; (3) Clark's January and February 2018 POLs were untimely; (4) the plaintiffs' waiver and estoppel arguments were improper; and (5) the plaintiffs failed to meet their burden for additional discovery. The district court entered judgment dismissing the case. Clark and Pearl timely appealed, *pro se*. Clark and Pearl challenge all five conclusions of the district court.

No. 19-30334

DISCUSSION

Before analyzing the district court's five conclusions that appellants challenge, we discuss the insurance program that is involved here.

## I.     *National flood insurance*

The National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, established the NFIP to provide flood insurance at affordable rates. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). FEMA operates the program and issues policies directly or through private insurers called WYO carriers, such as Wright, that are fiscal agents of the United States. § 4071(a)(1); *Ferraro*, 796 F.3d at 531–32. All SFIP policies are issued in a standard form, which cannot be altered or waived without the written consent of the Federal Insurance Administrator ("FIA"). *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008); 44 C.F.R. § 61.13(d). "An SFIP is a regulation of FEMA, stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders." *Id.* at 1054 (citation omitted). Because all claims for all policies issued under this program are paid directly from the federal treasury, the provisions of the SFIP policies must be strictly construed and enforced. *Gowland v. Aetna Flood Ins. Program*, 143 F.3d 951, 954 (5th Cir. 1998). An SFIP policyholder may not sue to recover losses covered under the SFIP unless the policyholder first "complied with all the requirements of the policy." 44 C.F.R. § 61, app. A(1), art. VII(R).

## II.     *Clark's April and December 2016 POLs' compliance with the SFIP*

All the arguments for review arise from the district court's grant of a summary judgment. We review a summary judgment *de novo*, applying the same standard as the district court. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326,

No. 19-30334

328 (5th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. . . . All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Austin*, 864 F.3d at 328–29.

Clark and Pearl first argue that their 2016 POLs complied with the SFIP. The SFIP required Clark, the policyholder, to send Wright a "signed and sworn to" POL within 60 days of each loss. 44 C.F.R. § 61, app. A(1), art. VII(J)(4). A policyholder's failure to provide a compliant POL "relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954. Substantial compliance is not sufficient. *Id.* Here, the FIA expressly granted a limited waiver extending the 60-day deadline for filing POLs for both the March and August 2016 floods. Both the April 2016 POL for the March 2016 flood and the December 2016 POL for the August 2016 flood were timely. At issue is whether these POLs satisfied the SFIP's "sworn-to" requirement. According to Clark and Pearl, the declaratory statement in the 2016 POLs — "I hereby declare and attest that the information contained in this letter is true and correct to the best of my knowledge" — satisfies the SFIP's sworn-to requirement. The district court, however, concluded that the statement does not satisfy the SFIP's sworn-to requirement because the POLs were not notarized and they did not include the phrase "under penalty of perjury."

Clark and Pearl contend that their declarations satisfied the sworn-to requirement because they declared and attested that the information was true and correct. They argue that sufficed because the SFIP does not define the term "sworn" and does not require the phrase "under penalty of perjury" or

notarization.  Also, as policyholders, they had not been referred to some statute, court opinion, or other source explaining what it means to swear to the information.  Finally, the NFIP Claims Handbook does not state that the POL must be notarized or include the phrase "under penalty of perjury."

The SFIP does not define "sworn."  *See* 44 C.F.R. §§ 59.1, 61.2.  While the NFIP Claims Handbook states that POLs must be signed and must meet the requirements of the SFIP, it does not state that POLs must be notarized or must include the specific phrase "under penalty of perjury."[1]  Nevertheless, as we pointed out earlier, issued under this program are paid directly from the federal treasury, SFIP policy provisions must be strictly construed, and that would include the sworn-to requirement.  *Gowland*, 143 F.3d at 954.

To understand the phrase "sworn to" in a federal regulation, we rely on a statute explaining that when under any federal regulation a matter is required to be sworn to in writing, it may be supported by an unsworn, signed writing declaring the matter to be "true under penalty of perjury," in a form substantially similar to "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."  28 U.S.C. § 1746.    FEMA's model POL form includes an attestation whereby policyholders "declare under penalty of perjury" that the information in their POL is "true and correct.[2]    Section 1746 prohibits use of an unsworn declaration to satisfy a sworn-to requirements for depositions, oaths of office, or other oaths required to be taken by a "specified official."  § 1746.  The statute makes clear that a "specified official" does not included a notary public.  *Id.*

---

[1]    See    NFIP    Claims    Handbook,    https://www.fema.gov/media-library-data/1508950641147-55cd79e196bc6ea15aba1c69bb9f1cef/FINAL_ClaimsHandbook.pdf (FEMA form F-687).

[2] See Proof of Loss form, https://www.fema.gov/media-library-data/1533073015253-61a3c8a1dce7231a63f4c466a43615a8/FEMA_Form_086-0-09_8-1-2017_proof_of_loss.pdf (FEMA form 086-0-09).

No. 19-30334

Strictly construing the SFIP, we conclude that "sworn to" requires either notarization or a declaration substantially similar to "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." § 1746. Neither of Clark's 2016 POLs satisfy the SFIP's sworn-to requirement because neither POL was notarized nor included the phrase "under penalty of perjury." The district court did not err in concluding the same. Because Clark's 2016 POLs failed to comply with the SFIP's sworn-to requirement, the 2016 POLs cannot support a claim for breach of contract. 44 C.F.R. § 61, app. A(1), art. VII(R); *Gowland*, 143 F.3d at 954.

Clark and Pearl also argue the district court erred in finding that Clark's December 2016 POL for the August 2016 flood failed to state an amount claimed as required by the SFIP. We need not consider this alternative basis for concluding the December 2016 POL failed to comply with the SFIP because we have already concluded that the December 2016 POL failed to comply with the SFIP's sworn-to requirement and any SFIP noncompliance obviates a policyholder's right to recover losses. 44 C.F.R. § 61, app. A(1), art. VII(R); *Gowland*, 143 F.3d at 954.

III.    *Timeliness of Clark's January and February 2018 POLs*

Next, we consider Clark and Pearl's argument that the district court erred in finding Clark's January 2018 POL for the March 2016 flood and February 2018 POL for the August 2016 flood untimely. The district court held that the 2018 POLs were untimely because they were submitted after FEMA's extension deadlines. The district court further found "no basis to hold that plaintiffs' initial, noncompliant proofs of loss allow Wright to accept their untimely proofs of loss."

As noted above, Clark filed timely POLs in April 2016 for the March 2016 flood and in December 2016 for the August 2016 flood, but these POLs were

unsworn and thus failed to comply with the SFIP. Clark subsequently filed POLs that were sworn for purposes of the SFIP, however, these POLs were not filed until January and February 2018, after the expiration of FEMA's extended deadlines for filing POLs for the March and August 2016 floods.

Clark and Pearl rely on unpublished district court decisions for the proposition that untimely POLs may be considered along with a timely POL if the supplemental POL is not attempting to claim wholly new losses. *See Stogner v. Allstate Ins. Co.*, No. 09-3037, 2010 WL 148291 (E.D. La. Jan. 11, 2010); *Smith v. American Bankers Ins. Co. of Fla.*, No. 13-5684, 2014 WL 2155030 (E.D. La. May 22, 2014). Although these cases are non binding, we acknowledge that this court has not held to the contrary. Nevertheless, even accepting this proposition as true, Clark's 2018 supplemental POLs may not be considered along with the timely 2016 POLs because the 2016 POLs were noncompliant with the SFIP. We hold that untimely supplemental POLs that are not attempting to claim wholly new losses may not be considered along with timely POLs that are otherwise noncompliant with the SFIP. *Gowland*, 143 F.3d at 954–55. The district court did not err in holding the 2018 POLs untimely.

## IV.    *Waiver and Estoppel*

Clark and Pearl argue that the district court erred in finding there was no genuine dispute of a material fact concerning their compliance with the SFIP. According to them, there is a material fact dispute regarding whether FEMA determined that their 2016 POLs complied with the SFIP.

Before filing this suit for breach of contract in the district court, Clark and Pearl administratively appealed Wright's denial of certain losses claimed for the August flood to FEMA on June 22, 2017. On August 22, 2018, FEMA issued a decision in which it erroneously stated that Wright had paid the

undisputed contents loss in the amount of $63,663.82 for the August flood pursuant to the Clark's February 2018 POL. In addition, FEMA found that certain content damages were covered by the SFIP. FEMA also stated that the decision did not prevent the policyholder from submitting any future claims for items or damages not included in the loss adjustment. Wright subsequently advised the district court that it had reviewed the matter with FEMA, that FEMA approved Wright's request and granted a limited waiver of the SFIP's POL requirement with respect to the plaintiffs' contents claim in the undisputed amount of $63,663.82 for the August flood, and that Wright then paid this amount to Clark and Pearl.

Here, Clark and Pearl argue (1) there is a material fact dispute concerning whether FEMA determined that their original POLs complied with the SFIP requirements, (2) that the fact that FEMA instructed Wright to pay for certain damages is strong evidence that FEMA found no deficiencies in their original POLs, and (3) that there is a material fact dispute concerning whether FEMA determined that their original POLs were compliant or whether FEMA ignored the POLs and acted contrary to law when it ordered Wright to pay damages.

The district court found these arguments to be seeking both waiver of the SFIP's POL requirements and equitable estoppel against Wright's defense based on noncompliant POLs. First, the district court determined that Clark and Pearl's FEMA administrative appeal did not have any bearing on the issues in the instant case because FEMA addressed whether certain damages were covered by the SFIP and did not address the SFIP's POL requirements. Second, the district court determined that FEMA's and Wright's actions could not operate as a waiver of the obligation of Clark and Pearl to file SFIP-compliant POLs. As noted above, 44 C.F.R. § 61.13(d) provides "that no provision of the policy may be altered, varied, or waived without the *express*

written consent of the Federal Insurance Administrator." *Gowland*, 143 F.3d at 954 (emphasis in original). No such waiver was sought or obtained here.

Last, the district court held that policyholders who have not complied with the SFIP may not assert equitable estoppel. Indeed, "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." *Id.* at 955. Neither this court nor the Supreme Court has upheld an estoppel claim resulting in the payment of money out of the United States treasury. We see no error here.

## V. *Additional discovery*

Finally, we consider Clark and Pearl's argument that the district court abused its discretion in not allowing them to conduct additional discovery. Specifically, they argue further discovery would provide evidence of whether FEMA's policies and procedures require that POLs must be either notarized or include the phrase "under penalty of perjury" and that such evidence would establish a material fact issue as to whether their 2016 POLs complied with the SFIP. The district court determined that Clark and Pearl failed to establish a material fact dispute and failed to show how additional discovery would change the outcome of their claim.

"We review a denial of a Rule 56(d) motion for discovery for an abuse of discretion." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). If the nonmovant shows an inability to support its opposition factually, Rule 56(d) allows a district court to grant additional discovery before ruling on a motion for summary judgment. FED. R. CIV. P. 56(d). Although such discovery requests are "broadly favored and should be liberally granted," the party seeking discovery must first demonstrate "how additional discovery will create a genuine issue of material fact." *Smith*, 827 F.3d at 422–23. In other words,

the requesting party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* at 423. Thus, when we evaluate a district court's denial of additional discovery, "we generally assess[] whether the evidence requested would affect the outcome of a summary judgment motion." *Id.*

The discovery Clark and Pearl seek regarding FEMA's policies and procedures would provide further evidence to support their waiver and estoppel argument. As noted, though, neither argument is permissible in a claim for breach of contract under the SFIP in this instance. The evidence requested therefore would not affect the outcome. The district court did not abuse its discretion in denying additional discovery.

AFFIRMED.